UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jesse Phillips,

*Defendant.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/2020

Protective Order

20 Cr. 345 (AKH)

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2. **Sensitive Disclosure Material.** Some of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who based on the Complaint and Indictment and the Government's proffer, which are not disputed for purposes of this Order only, (i) may be subject to intimidation or obstruction, and (ii) whose lives, persons, and property, as well as the lives,

persons, and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. This disclosure material or portions of this material is "sensitive" and should not be disclosed to the defendant outside the presence of Defense counsel or members of the defense team. As of the date of this Order, the Government and the Defense agree that the following disclosure material is sensitive:

- Statements of witnesses to the charged offenses
- Statements of individuals who provided information about the Defendant's whereabouts during the Government's efforts to apprehend him

The parties recognize that the Government may, upon further review of discovery, determine additional disclosure material is "sensitive." In the even the Government determines there are additional "sensitive" disclosure material, it will label the materials as "Sensitive" or otherwise designate the materials as "Sensitive" in a communication to defense counsel, and will provide defense counsel with both an unredacted copy of this material and a redacted copy of this material. Defense counsel will provide the defendant with the redacted copy of the labeled "Sensitive" disclosure material. The Government agrees to confer with Defense counsel in an attempt to resolve any dispute regarding the labeling of any disclosure material as "Sensitive." Any unresolved dispute as to whether material should be omitted or redacted from dissemination to the Defendant shall be promptly brought to the attention of the Court by the defendant for its resolution. Until any such dispute is resolved, Defense counsel will refrain from sharing the disputed material with the Defendant in its unredacted form.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose the Confidential Material and Sensitive Disclosure Material without significant delay occasioned by responsiveness or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Confidential Material shall be labeled "Confidential" or otherwise designated as "Confidential" in correspondence with defense counsel, and shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

6. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

7. Sensitive Disclosure Material shall be labeled "Sensitive" or otherwise designated as "Sensitive" in correspondence with defense counsel, and may be disclosed only to personnel for

3

whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the defendant, subject to the following limitations:

(a) The defendant may review unredacted Sensitive Disclosure Material only in the presence of counsel or any other person authorized to receive Sensitive Disclosure Material;

(b) The defendant may not copy or otherwise record unredacted Sensitive Disclosure Material; and

(c) The defendant may not keep unredacted Sensitive Disclosure Material or a copy of such material outside the presence of counsel, including in any prison facility.

8. The Government may authorize, in writing, disclosure of Confidential Material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized—pursuant to warrants issued during the course of the investigation—from various computers, cell phones, and other devices and storage media. Such ESI was seized from various cellphones belonging to the defendant.

4

11. The Government will disclose to counsel for defendant his client's ESI. Defense counsel for the defendant shall advise the Government of material in his client's ESI that due to concerns for his client's privacy, should be designated as Confidential Materials or Sensitive Disclosure Materials.

12. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

13. Subject to the governing Rules of Professional Conduct, except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case;; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed any disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what disclosure material has been disclosed to which such persons.

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____/s/_____          Date: _____10/5/2020_____
    Thomas Burnett
    Assistant United States Attorney


_____/s/_____          Date: _____10/5/2020_____
Mark Gombiner
Counsel for Jesse Phillips


SO ORDERED:

Dated: New York, New York
     October 6, 2020

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

6