

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 6, 2021

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States</u> v. <u>Jesse Phillips</u>, 20 Cr. 345 (AKH)

Dear Judge Hellerstein:

      The Government respectfully submits this letter in advance of the defendant's April 12, 2021 sentencing in the above-captioned case. On January 5, 2021, the defendant pled guilty to committing Hobbs Act robbery. The parties and the Probation Office agree that the applicable sentencing range under the United States Sentencing Guidelines (the "Guidelines") for that crime is 37 to 46 months' imprisonment. Given the violent nature of the defendant's crime, the Government respectfully submits that sentence within that range is appropriate in this case.

## I.  <u>Background</u>

### A.  **Offense Conduct and Criminal History**

      This case arises out of the defendant's multiple robberies of the same convenience store ("Store-1") located at 3404 Jerome Avenue in the Bronx, New York. On the morning of October 26, 2019 (the "October 26 Robbery") the defendant entered Store-1 and began talking to the clerk behind the counter ("Clerk-1"). PSR ¶ 27. After a brief conversation, the defendant became angry at Clerk-1 and began berating him. He then went behind the counter, threatened to cut Clerk-1 with a knife, shoved Clerk-1, and demanded money from the register. *Id.* Clerk-1 gave the defendant access to the cash register, from which he took $150 before leaving. *Id.*

      Several weeks after the October 26 Robbery, in early December 2019, Clerk-1 identified the defendant as the robbery in a blind six-pack photo array. Dkt. 1, ¶ 7. Members of the New York City Police Department spoke with the defendant on December 31, in an effort to coordinate a date for him to surrender to police.

      The next morning, on January 1, 2020 (the "January 1 Robbery"), the defendant returned to Store-1. He entered the store at approximately 9:15 a.m. and immediately confronted Clerk-1. PSR ¶ 10. Placing his hands in the front pocket of his jacket, the defendant simulated having a firearm and threatened Clerk-1. *Id.* The defendant asked Clerk-1 why he had called the police and demanded money. Clerk-1 handed the defendant $60 in cash from the register, and the defendant left the store. *Id.*

These robberies were not the defendant's first episode of taking property by force. According to the pre-sentence report, in August 2012, the defendant and a co-conspirator forcibly robbed a different victim. *Id.* ¶ 29. The defendant placed the victim in a chokehold while his co-conspirator punched the victim in the stomach. *Id.* The pair then took the victim's backpack and iPod. *Id.* For that crime, the defendant pled guilty to grand larceny in the fourth degree and was sentenced to an indeterminate term of between 16 months' and four years' imprisonment. *Id.*

## B.  Procedural History

On January 8, 2020,  the defendant was charged by complaint with two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, for his commission of the October 26 and January 1 Robberies described above. Dkt. 1. The defendant was arrested on January 21, 2020 and released on bail. Dkt. 4.

On July 9, 2020, a grand jury returned an indictment, charging the defendant with the two Hobbs Act robberies alleged in the complaint. Dkt. 14. Following his arraignment on those charges, the defendant violated the terms of his release by cutting his ankle bracelet and failing to comply with the terms of his home detention. The defendant was re-arrested on August 19, 2020, and this Court ordered that he remain in custody pending trial. Dkt. 18, 21.

 On January 5, 2021, the defendant pled guilty, pursuant to a written plea agreement, to the second Hobbs Act robbery charged in the Indictment, which related to the January 1 Robbery. Dkt. 5. That charges carries a maximum term of 20 years' imprisonment, three years' supervised, a maximum fine of $250,000, and a $100 mandatory special assessment. Pursuant to the plea agreement, the parties stipulated to a Guidelines calculation resulting in an offense level of 20 and a criminal history category of II. PSR ¶ 6. Based upon that calculation, the parties further stipulated to a Guidelines range of 37 to 46 months' imprisonment. *Id.* The Probation Office agrees that the 37 to 46 months' imprisonment is the proper Guidelines range. *Id.* ¶ 70.

## II.  <u>Discussion</u>

### A.  Applicable Law

While advisory, the Sentencing Guidelines remain "the starting point and the initial benchmark" for sentencing proceedings. *Gall v. United States*, 552 U.S. 38, 49 (2007). That is because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Id.*at 46. For that reason, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

In imposing a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). The factors also include the "need for the sentence imposed" to (A) "reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment"; (B) "afford adequate deterrence"; (C) "protect the public from further crimes of the defendant"; and (D) "provide . . . needed educational or vocational training, medical care, or other . . . treatment." *Id.* § 3553(a)(2).

### B.   The Court Should Impose a Within-Guidelines Sentence

The Government respectfully submits that the Court should impose a sentence within the stipulated Guidelines range of 37 to 46 months' imprisonment.  That sentence is appropriate in light of the defendant's repeated pattern of taking from others through force and intimidation.

The defendant's crime displayed a callous disregard for the physical and psychological wellbeing of others.  During the October 26 Robbery, the defendant took advantage of Clerk-1. As the lone employee in the store when the defendant arrived, Clerk-1 was in an exposed position. The defendant preyed on Clerk-1's vulnerability, going around the counter of Store-1, cornering Clerk-1, then shoving Clerk-1 and threatening to cut him with a knife until the defendant was given access to the cash register.  As a result, law enforcement approached the defendant, and offered him the chance to surrender.  But rather than accept responsibly the defendant doubled down on his criminal conduct.  On January 1, the defendant again arrived at Store-1 in the morning, when Clerk-1 was alone.  Knowing that he had already robbed Clerk-1 before, the defendant wasted no time reimposing himself, reprimanding Clerk-1 for calling the police, threatening him with a firearm, and again demanding money.  To be sure, the defendant did not actually have a firearm during the January 1 Robbery, and it is unclear whether the defendant possessed a knife during the October 26 Robbery.  But Clerk-1—cornered behind the counter and the only employee in Store-1—was in no position to second guess the defendant's threats, and the defendant readily took advantage of Clerk-1's compromised state.

This was also not the first time that the defendant has used force, or the threat of force, to take from others.  In August 2012, the defendant and a co-conspirator violently assaulted a victim, stealing that victim's belongings.  The defendant received an indeterminate sentence of between 16 months' and four years' imprisonment for his crime and ultimately served over a year in jail. But that punishment has unfortunately not deterred him from reoffending.  A within-Guidelines sentence, which would be longer than the defendant's term of imprisonment for his 2012 crime, would appropriately reflect the fact that the defendant has committed similar crimes in the past and serve as a strong deterrent against future offenses.

### III.  <u>**Conclusion**</u>

For the foregoing reasons, the Government respectfully submits that this Court should impose a sentence within the stipulated Guidelines range of 37 to 46 months' imprisonment.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney


by: _____
Thomas S. Burnett
Assistant United States Attorney
(212) 637-1064