UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
:
Plaintiff, :
-against- :
: 20 Cr. 345 (AKH)
:
JESSE PHILLIPS, :
:
Defendant. :
:
------------------------------------------------------------ X
:
JESSE PHILLIPS, :
: 22 Civ. 6324 (AKH)
Petitioner, :
-against- :
: **ORDER DENYING WRIT OF**
: **HABEAS CORPUS**
UNITED STATES OF AMERICA, :
:
Defendant. :
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On January 5, 2021, Defendant Jesse Phillips pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. On October 15, 2021, I sentenced him to 40 months' imprisonment and three years of supervised release. Defendant filed a petition for habeas corpus on July 22, 2022. In his habeas application, Defendant argues he was denied effective assistance of counsel because "conspiracy to commit Hobbs Act robbery is no longer a crime of violence, [his] plea should have been calculated at 24–48 months as opposed to 78–108 months."

Defendant's claim that his sentencing range was calculated at 79 to 108 months' imprisonment is simply untrue. The plea agreement between the Government and the Defendant calculated the range at 37 to 46 months, as did the Presentence Investigative Report. *See* PSR, ECF No. 30, at ¶ 6. More important, the calculation I made and discussed at sentencing reflected the same range of 37 to 46 months' imprisonment. *See* Sent. Tr., 20 Cr. 345 ECF No. 42, at 3:9–12. I ultimately sentenced Defendant to a within-guidelines term of 40 months. *Id.* at 15:3–5. The factual basis for Defendant's claim is belied by the record, and, in any case, Defendant can show no prejudice because he was sentenced to a term within the range he claims was correct. *See* Judgment, ECF No 41, at 2; *see generally Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94 (1984) (requiring a showing of prejudice to prevail on an ineffective assistance of counsel claim).

Accordingly, the petition for a writ of habeas corpus is denied. I also decline to issue a Certificate of Appealability because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c) (2), and because Petitioner has failed to identify a claim that jurists of reason would find debatable as to whether Petitioner was denied such a right. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Clerk of the Court shall terminate ECF No. 44 in 20 Cr. 345 and close 22 Civ. 6324. The Clerk shall mail a copy of this order to Defendant, as well as a copies of ECF Nos. 41 and 42 in 20 Cr. 345.

SO ORDERED.

Dated: August 9, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2